**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARCO ANTONIO LOALIZA FALLU, Petitioner, | ) | |
| v. | ) | Civil No. 26-1360 |
| LEONARD ODDO, et. al., Respondents. | ) | |

# OPINION

Pending before the court is a second petition for habeas corpus filed pro se by petitioner Marco Antonio Loaiza Fallu ("Fallu") (ECF No. 6). The government filed a response in opposition to the petition (ECF No. 8), and it is ripe for decision.

Background

In response to Fallu's first petition, which was filed by counsel at Civil No. 26-15, the court issued an order and judgment on April 15, 2026 (Civil No. 26-15, ECF Nos. 7, 8) which granted the petition in part and ordered that Fallu receive an individualized bond hearing. An immigration judge held an individualized bond hearing on April 22, 2026, as ordered by the court. The immigration judge denied bond on the ground that Fallu was a flight risk. On July 2, 2026, the court issued an opinion and order (Civil No. 26-15, ECF Nos. 16, 17), denying Fallu's motion to enforce and concluding that the bond hearing on April 22, 2026 was fundamentally fair. Fallu signed the second petition to the court on July 9, 2026 (ECF No. 6 at 9).

Fallu, a citizen of Ecuador, admits that he received a bond hearing, but argues that his detention has become unduly prolonged. Fallu also repeats arguments he asserted in his motion to enforce, i.e., the immigration judge failed to consider all his arguments and applied the wrong

burden of proof. (ECF No. 6 at 3, 7).[1] Fallu seeks either immediate release or another bond hearing at which Respondents bear the burden of proof. The second petition does not acknowledge the court's decisions with respect to his first petition.

Respondents argue the motion to enforce should be denied. They contend that Fallu already received a fundamentally fair bond hearing and is not entitled to another one, citing *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018).[2]

## Discussion

In this case, unlike other similar cases, Respondents do not argue that the second petition is moot or constitutes an "abuse of the writ." The court will assume the second petition raises a new claim related to Fallu's prolonged detention and consider it on its merits.

As an initial matter, the court notes that the proper analysis for determining when continued detention after an initial bond hearing might result in a constitutional violation remains

---

[1] *See* ECF No. 16 at 3 n.2 (rejecting Fallu's argument about the burden of proof).

[2] This court summarized *Borbot* in *Makeshov v. Oddo*, No. 3:26-CV-00808-JFC, 2026 WL 1579023 (W.D. Pa. June 3, 2026):

> In *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), the court denied a request from a petitioner being held in discretionary detention under § 1226(a). The immigration judge denied Borbot's initial request for bond, finding that he posed a risk of danger based on criminal charges filed in Russia, and denied reconsideration. *Id.* at 276. The court of appeals upheld the district court's denial of Borbot's petition without a hearing and cited 8 U.S.C. § 1226(e), which provides in relevant part: "[t]he Attorney General's discretionary judgment regarding [bond hearings for aliens in removal proceedings] shall not be subject to review" and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.* at 279. The court explained: "Borbot's habeas petition seeks to compel a second bond hearing despite alleging no constitutional defect in the one he received. This comes close to asking this Court to directly review the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Id.*

*Id.* at *1.

an open issue. *See Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901 (W.D. Pa. June 8, 2026):

> The Third Circuit has not squarely decided when, if ever, due process requires a new bond hearing for a detainee held under 8 U.S.C. § 1226(a) after an initial bond hearing. *Borbot v. Warden Hudson Cnty. Corr. Fac.*, 906 F.3d 274, 280 (3d Cir. 2018) ("We therefore need not decide when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing in order to conclude that [petitioner's] due process rights were not violated."). Put another way, the Third Circuit did not impose an absolute bar to a second bond hearing in every Section 1226(a) case but rather, it left open whether additional process may be required where the facts show that continued detention has become constitutionally unreasonable despite an earlier bond hearing.

*Id.* at *2. In *Fadel*, the court decided to apply the *German Santos* factors.[3]

The court will apply the *German Santos* factors in this case, albeit with two caveats. First, the relief available under *German Santos* is an individualized bond hearing, not release. *German Santos*, 965 F.3d at 210 ("DUE PROCESS AFFORDS ALIENS DETAINED UNDER § 1226(C) A BOND HEARING ONCE DETENTION BECOMES UNREASONABLE"). Fallu did not cite any mandatory authority for this court to order Fallu's release. The majority rule in this circuit limits relief to a bond hearing. *See Diarra v. Immigrations and Customs Enforcement*, No. 3:26-CV-01885, 2026 WL 2268287, at *3 (M.D. Pa. Aug. 6, 2026) ("Courts in this circuit have found that where a petitioner entitled to receive a bond hearing, receives one, and is adjudicated to be a flight risk or danger, the Court cannot provide further relief absent a challenge to the constitutional adequacy of the bond hearing.") (collecting decisions for the proposition that "[t]he remedy under *German Santos* is not release; it is the court ordering an

[3] *See German Santos v. Warden Pike Cty. Corr. Fac.*, 965 F.3d 203 (3d Cir. 2020) (identifying factors to consider whether continued detention without a bond hearing is unreasonable: (1) duration of the detention; (2) whether the detention is likely to continue; (3) the reasons for the delay, but not holding an alien's good-faith challenge to his removal against him; and (4) whether the alien's conditions of confinement are meaningfully different from criminal punishment).

individualized bond hearing"). In this case, Fallu received a fundamentally fair bond hearing in April 2026.

Second, to the extent Fallu is arguing that he has a constitutional right to a renewed bond hearing in which the government bears the burden of proof, that argument is contrary to *Borbot*. *See Modebadze v. Soto*, No. CV 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) ("Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by requiring Petitioner to show that he was not a flight risk at his bond hearing."). *German Santos* (which places the burden on the government) involved detention under § 1226(c), not § 1226(a). *See Borbot*, 906 F.3d at 279 (explaining differences in the statutes).

With respect to the first (and most important) *German Santos* factor, the duration of the detention, Fallu has been detained for approximately 9 months, since December 5, 2025 (ECF No. 6 at 5). Fallu is subject to a removal order to Honduras. Detentions of much longer duration have been held to not offend the constitution where the removal process is proceeding and the government did not improperly delay it. *See Espinosa-Almonte v. Sabol*, No. 1:12-CV-2514, 2013 WL 3894861, at *10 (M.D. Pa. July 26, 2013) (detention pending removal for 21 months not excessive).

Fallu received a constitutionally adequate bond hearing in April 2026, at which the immigration judge determined that Fallu poses a flight risk. The length of his detention since the individualized bond hearing is approximately four months. Fallu filed this second petition only days after this court found in Civil No. 26-15 that the April 2026 bond hearing was fundamentally fair. Fallu did not appeal or seek reconsideration of that decision. This second petition implicates the cautionary comment in *Borbot* about "asking this Court to directly review

the IJ's bond decision, a task Congress has expressly forbidden us from undertaking." *Borbot*, 906 F.3d at 279. The fact that Fallu recently received an individualized bond hearing, although perhaps not mooting the second petition, weighs in favor of Respondents.

The second and third factors are neutral. The second factor, whether the detention is likely to continue, is unknown because neither party provided any information about the status of Fallu's removal proceedings. In accordance with the third factor, any delay resulting from Fallu's good-faith challenge to his removal will not be held against him. Fallu did not produce any evidence that Respondents are causing delay.

With respect to the fourth factor, Fallu is being detained at Moshannon Valley Detention Center ("Moshannon"). There are certainly aspects of the conditions at Moshannon that resemble criminal detention (i.e., he is not free to leave, *see Fadel*), but there are also aspects of Fallu's conditions of confinement that are meaningfully different from criminal punishment. Primarily, unlike the petitioner in *German Santos*, Fallu is not being held in a prison alongside convicted criminals. *See German Santos*, 965 F.3d at 212-13. As in *Fadel*, the parties in this case have not submitted evidence concerning Fallu's specific conditions of confinement at Moshannon. *Fadel*, 2026 WL 1649901 at *4.

Upon weighing the *German Santos* factors, the court concludes that on this record, Fallu failed to meet his burden to demonstrate that his continued detention rises to a constitutional violation at this time. To repeat, Fallu received an individualized bond hearing in April 2026. The relief available under *German Santos* would be another bond hearing. The petition will be denied without prejudice to Fallu's ability to seek relief at a later time and with more robust evidence about the application of the *German Santos* factors to his personal situation.

Conclusion

Because Fallu received an individualized bond hearing, the second petition for habeas relief filed by Fallu (ECF No. 6) will be denied.

An appropriate order follows.

Dated: August 20, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge